IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.                                             Criminal Case No. 2:24cr98

TYQUAN JERMAINE BLUNT,
   Defendant.

## MEMORANDUM ORDER

This matter is before the Court on a motion to dismiss the indictment filed by the defendant, Tyquan Jermaine Blunt. (ECF No. 17.) The indictment charges Blunt with one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Blunt seeks dismissal based on the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and the recent application of *Bruen* in *United States v. Rahimi*, 602 U.S. ----, 144 S. Ct. 1889 (2024). According to Blunt, these two cases make § 922(g)(1) unconstitutional on its face and as applied to him. Because the government has met its burden under *Bruen*, and *Rahimi* does not change the analysis, the Court will deny Blunt's motion.

## I. BACKGROUND

On June 13, 2023, police detained Blunt after mistakenly believing that he was a wanted individual. Before police detained him, Blunt ran from police. He allegedly discarded a firearm from his waistband into a nearby bush during the chase, which police retrieved. On September 11, 2024, a grand jury returned an indictment charging Blunt with possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] (*See* ECF No. 3.) Blunt moves to dismiss the indictment on the basis that § 922(g)(1) violates the Second Amendment.

---

[1] Blunt has prior felony convictions for grand larceny and firearm-possession offenses.

## II. <u>RELEVANT LAW</u>

The Second Amendment establishes "the right of the people to keep and bear Arms." U.S. Const. amend. II. Additionally, 18 U.S.C. § 922(g)(1) prohibits "any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" from "possess[ing] . . . any firearm or ammunition." The potential conflict of these two provisions has led defendants across the country to challenge the constitutionality of 18 U.S.C. § 922(g)(1) in recent years. *See, e.g.*, *United States v. Canada*, 103 F.4th 257, 258 (4th Cir. 2024); *United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024).

In 2022, the Supreme Court in *Bruen* created a two-step framework for courts to apply when analyzing Second Amendment challenges. First, *Bruen* instructs courts to ask whether "the Second Amendment's plain text covers an individual's conduct." 597 U.S. at 24. If it does, "the Constitution presumptively protects that conduct." *Id.* The second step then places the burden on "the government [to] justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* To meet that burden, the government must "identify a well-established and representative historical *analogue*" to the modern regulation, "not a historical *twin*." *Id.* at 30.

In May 2024, this Court applied the *Bruen* two-step framework in *United States v. Ebron*, No. 3:24cr47, 2024 WL 2097228 (E.D. Va. May 9, 2024). The defendant in *Ebron* moved to dismiss the indictment charging him under § 922(g)(1), asserting both facial and as-applied challenges. *See id.* at *1, *5 n.3. Applying *Bruen*'s first step, the Court considered the text of the Second Amendment. It rejected the government's argument that "the people" only applies to "law-abiding" and "responsible" citizens and concluded that completely banning firearms for a class of people "infringes on the conduct that . . . the Second Amendment protects." *Id.* at *3. The Court,

2

therefore, held that Ebron's conduct—possessing a firearm as a convicted felon—fell "within the plain text of the Second Amendment." *Id.* Next, the Court examined the history and tradition of firearm regulation. After considering the "long history of disarming classes of people based on dangerousness and lawbreaking," the Court concluded that both the Fourth Circuit's pre-*Bruen* precedents upholding § 922(g)(1)'s constitutionality and the Supreme Court's remarks in *Heller* remained good law. *Id.* at *5. The Court accordingly held "that § 922(g)(1) does not violate the Constitution," both facially and as applied to the defendant. *Id.*; *see id.* at *5 n.3.

In June 2024, the Supreme Court issued *Rahimi*, which considered a facial challenge to 18 U.S.C. § 922(g)(8), the subsection that prohibits a person subject to a restraining order from possessing a firearm. *See Rahimi*, 144 S. Ct. at 1898–99. *Rahimi* explained that, to overcome a facial challenge, "the government need only demonstrate that Section 922(g)(8) is constitutional in some of its applications." *Id.* at 1898. Upon determining that § 922(g)(8) "is constitutional as applied to the facts in [the defendant's] own case," *id.*, the Supreme Court rejected his facial challenge and concluded "only [that] [a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment," *id.* at 1903. In so doing, the Supreme Court declined to "undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment." *Id.* (quoting *Bruen*, 597 U.S. at 31). Rather, it opined that prior precedent did not "suggest a law trapped in amber," and that "the Second Amendment permits more than just those regulations identical to ones that could be found in 1791." *Id.* at 1897. It additionally rejected the government's argument that a person "may be disarmed simply because he is not responsible." *Id.* at 1903.

## III. DISCUSSION

Blunt challenges his indictment by raising many of the same *Bruen*-related arguments that the defendant in *Ebron* made. The Court has already carefully considered and addressed these arguments in *Ebron*. *See* 2024 WL 2097228, at *3–*5. That analysis applies with equal force to Blunt's as-applied challenge. *See id.* Other courts in this District have persuasively decided the same, with similar outcomes.[2]

Blunt nevertheless attempts to circumvent the Court's analysis in *Ebron* by asserting that *Rahimi* builds on *Bruen*'s second step. According to Blunt, *Rahimi* clarified that only those felons who pose a "credible threat to the physical safety of others" may face restrictions on their right to possess a firearm. (ECF No. 18, at 11 (quoting *Rahimi*, 144 S. Ct. at 1896).) And even then, such restrictions extend only temporarily, not permanently. (*See id.*) *Rahimi*, however, addressed the constitutionality of § 922(g)(8). That statute specifically requires a showing that a prior court order either has found that the defendant "represents a credible threat to the physical safety of [one's] intimate partner or child" or "explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child." Section 922(g)(1), in contrast, requires no such predicate showing. Thus, *Rahimi*'s narrow analysis does not extend to cases like Blunt's where the defendant faces a charge under § 922(g)(1). The Court accordingly rejects Blunt's as-applied challenge.

Nor can Blunt's facial challenge stand. As the Supreme Court explained in *Rahimi*, "the Government need only demonstrate that [§ 922(g)(1)] is constitutional in some of its applications"

---

[2] *See, e.g.*, *United States v. Coleman*, 698 F. Supp. 3d 851 (E.D. Va. 2023); *United States v. Lane*, 689 F. Supp. 3d 232 (E.D. Va. 2023); *United States v. Riley*, 635 F. Supp. 3d 411 (E.D. Va. 2022); *United States v. Finney*, No. 2:23-cr-13, 2023 WL 2696203 (E.D. Va. Mar. 29, 2023); *United States v. Hill*, 73 F. Supp. 3d 729 (E.D. Va. 2023).

to defeat Blunt's facial challenge. *Id.* at 1898. Because the Fourth Circuit has already decided that § 922(g)(1) "may constitutionally be applied in at least *some* 'set of circumstances,'" *Canada*, 103 F.4th at 258 (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008)), Blunt's facial challenge likewise fails.

## IV. <u>CONCLUSION</u>

In sum, the briefing in the present case does not provide any reason for this Court to deviate from its prior analysis. As such, the Court adopts in full the reasoning previously set forth in its Opinion in *United States v. Ebron*, No. 3:24cr47, 2024 WL 2097228 (E.D. Va. May 9, 2024), and DENIES Blunt's motion, (ECF No. 17).

It is so ORDERED.

Let the Clerk send a copy of this Memorandum Order to all counsel of record.

Date: 22 October 2024
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge